IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SARA BEER,** § | | |
| § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 3:17-CV-1510 |
| § | | |
| **ZURICH AMERICAN LIFE INSURANCE** § | | |
| **COMPANY, ZURICH AMERICAN** § | | |
| **INSURANCE COMPANY, HOTELS.COM, LP** § | | |
| **AND HOTELS.COM GP, LLC,** § | | |
| § | | |
| *Defendants* § | | |

### DEFENDANTS ZURICH AMERICAN INSURANCE COMPANY AND ZURICH AMERICAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 29 U.S.C. § 1001 et seq., Zurich American Insurance Company and Zurich American Life Insurance Company ("Zurich" or "Defendants") file this Notice of Removal, and show the Court as follows:

1. Zurich is a defendant in a civil action pending in the 134th Judicial District Court, Dallas County, Texas *Sara Beer v. Zurich American Life Insurance Company, et al.*; Cause No. DC-17-05152. Attached hereto as Exhibit 1 is an index of all documents that clearly identifies each document and indicates the document was filed in state court, as required by 28 U.S.C. § 1446(a). Included with the index is a copy of the civil docket sheet in the State Court Action and each document filed in the State Court Action. Pursuant to Local Rule 81, Zurich files the following documents concurrently with its Notice of Removal: the Index of Matters Being Filed (Exhibit 1); a copy of the Dallas County District Clerk's file for this case (Exhibit 2), which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet; the Certificate of Interested Parties (Exhibit 3); Designation of Counsel (Exhibit 4);

the Notice of Consent to Removal on behalf of Co-Defendants Hotels.com LP and Hotels.com GP LLC (Exhibit 5) and Civil Cover Sheet and Supplemental Civil Cover Sheet (Exhibit 6).

2. Zurich first received the citation and Plaintiff's Original Petition in this matter on or about May 9, 2017. Zurich timely files this Notice of Removal within 30 days of receipt of the initial pleading setting forth Plaintiff's claim for relief.

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Dallas Division of the Northern District of Texas is the United States District and Division embracing Dallas County, Texas, the county in which the state court action is pending. *See* 28 U.S.C. § 124(a)(1). Therefore, venue of this removed action is proper in this Court.

4. Removal of this action is proper because of the existence of federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Consequently, ERISA preempts any and all other claims. Although Zurich maintains that all of the claims asserted in Plaintiff's Original Petition are pre-empted by ERISA, to the extent necessary, this Court has subject matter and removal jurisdiction over all other claims under 28 U.S.C. §§ 1367, 1441, and 1446.

5. As required by 28 U.S.C. § 1446(d), Zurich, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 134th Judicial District Court, Dallas County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## ERISA FEDERAL QUESTION JURISDICTION

6. Removal jurisdiction exists under 28 U.S.C. §§ 1441 and 1331 for federal questions arising under ERISA. ERISA contains a broad preemption that "supersede[s] any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). This language is "deliberately expansive" and is designed to make regulation of employee benefit plans an exclusively federal concern. *Pilot life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). The United States Supreme Court stated that the term "relate to" in the preemption provision should be given its broadest common sense meaning: a "law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983).

7. ERISA applies to all employee welfare benefit plans established or maintained by an employer or employee organization that is engaged in interstate commerce. *See* 29 U.S.C. § 1002(1); *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992). ERISA not only governs such plans, but also preempts all state laws that "relate to ... employee benefit plan[s]." *See Hogan*, 969 F.2d at 144; 29 U.S.C. §1144(a). The Fifth Circuit has held that, in the context of ERISA preemption, "even if the plaintiff did not plead a federal cause of action on the face of the complaint, the claim is necessarily federal in character if it implicates ERISA's civil enforcement scheme." *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009) (quotations omitted). State law claims that duplicate or fall within the scope of the statutory remedy are completely preempted by ERISA. *Id*. at 529. Here, Plaintiff has alleged claims against Zurich for breach of contract under an employee benefit policy.

8. Removal is appropriate in this instance because the Plaintiff alleges claims that: (1) relate to an ERISA plan; (2) are not exempted under 29 U.S.C. § 1003(b); and (3) seek the same relief that is available under Section 502 of ERISA. Indeed, Plaintiff seeks to recover

accidental death benefits under an ERISA employee benefit plan upon the death of Plaintiff's spouse, Clinton Beer.  Further, Plaintiff maintains that Zurich breached the insurance contract (ERISA employee benefit plan) by failing to pay accidental death benefits for the death of Plaintiff's spouse.  Accordingly, the facts as pleaded in Plaintiff's Original Petition "relate to" an ERISA-governed employee benefit plan, are not exempted under 29 U.S.C. § 1003(b), and the damages Plaintiff seeks are the same as those available under Section 502 of ERISA.  Consequently, ERISA completely preempts Plaintiff's causes of action.   Zurich's defenses also relate to the ERISA plan and benefits under that plan.  Thus, Plaintiff's claims are deemed to be federal questions arising under the laws of the United States to which original and removal jurisdiction in this Court is proper.

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, L.L.P.

        By: ___/s/ Rodrigo "Diego" Garcia, Jr___
          RODRIGO "DIEGO" GARCIA, JR.
          TX State Bar No. 00793778
          One Riverway, Suite 1400
          Houston, TX 77056
          Telephone:  (713) 403-8210
          Telecopy:  (713) 403-8299

        **COUNSEL FOR ZURICH AMERICAN LIFE INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2017, a true and correct copy of this document was delivered in accordance with the Federal Rules of Civil Procedure to the following:

James D. Walker
Jim Walker and Associates, PLLC
4926 Greenville Avenue, Suite 200
Dallas, Texas 75206
jim@jimwlaw.com

                                               */s/ Rodrigo "Diego" Garcia, Jr.*
                                               RODRIGO "DIEGO" GARCIA, JR.